## United States District Court
## Central District of California

CORRECTED JUDGMENT

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.   CR 09-00490-SJO |
| **Defendant**   TRINGHAM, Robert | Social Security No.  9  6  2  4 |
| akas:  Rodney Duncan Tringham | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Feb. | 15, | 2011 |

**COUNSEL**  [x] WITH COUNSEL    Shaun Khojayan , appointed
(Name of Counsel)

**PLEA**  [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of [x] **GUILTY,** defendant has been convicted as charged of the offense(s) of:

18 U.S.C. §§ 1343, 2(b): Wire Fraud; Causing an Act to be Done as charged in counts one through four of the Indictment; 18 U.S.C. §§ 1341, 2: Mail Fraud, Causing an Act to be Done as charged in counts five through seven of the Indictment; 26 U.S.C. § 7201 Income Tax Evasion as charged in count eight of the Indictment; 18 U.S.C. §§ 1519, 2(b): Destruction , Alteration, or Falsification of Records in Federal Investigation, Causing an Act to be Done as charged in count nine of the Indictment. 18 U.S.C. § 1001(A)(2): False Statement Within Jurisdiction Of United States as charged in count ten of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

## **The Court Corrects Last Sentence of this Judgment.**

It is ordered that the defendant shall pay to the United States a special assessment of $1,000, which is due immediately.

Defendant shall pay restitution in the total amount of $8,076,034.41 pursuant to 18 U.S.C. § 3663A, to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Restitution shall be paid in full immediately.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

All fines are waived as it is found that the defendant does not have the ability to pay a fine.

| USA vs. **TRINGHAM, Robert** | Docket No.: **CR 09-00490-SJO** |
|---|---|

The defendant shall comply with General Order No. 01-05.

The Court has found that the property identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final as to defendant.

Pursuant to defendant's convictions on Counts One through Seven, the notice of forfeiture in the indictment, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. 853, and the jury's special verdicts on the issue of forfeiture, the defendant has forfeited all of his right, title, and interest in the real property located at 2435 Clear Creek Lane, Diamond Bar, California, which is more particularly described as follows:

    Lot 54 of Tract No. 30577, in the County of Los Angeles, State of California, as per Map Recorded in Book 798, Pages 51 Through 64 Inclusive of Maps, in the Office of the County Recorder of Said County.

    Except Therefrom All Oil, Gas and Other Hydrocarbon Substances and Minerals Now or at Any Time Hereafter Situated Therein or Thereunder or Producible Therefrom, as Reserved in the Deed from Transamerica Development Company, Recorded March 29, 1968 in Book D3955 Page 185, of Official Records of Said County and as Modified by a Quitclaim Deed, Recorded May 20, 1970 as Instrument No. 1081, of Official Records of Said County, Which Relinquished All Rights to the Use of the Surface and Subsurface to a Depth of 500 Feet from the Surface of Said Land.

    Parcel 2
    a Non-exclusive Easement to Be Used in Common with Others for Ingress and Egress over All Those Areas Shown upon the Map of Tract No. 30577, as "Private Streets", and over All Those Areas Shown upon the Map of Tract No 30093 Recorded in Book 794 Pages 24 to 28, Inclusive, of Maps, in the Office of the County Recorder of Said County, as "Private Streets," and over All Those Ares Shown upon the Map of Tract No 23483, Recorded in Book 790 Pages 5 to 19, Inclusive, of Maps, in the Office of the County Recorder of Said County, as "Private Streets," and over All Those Areas Shown upon the Map of Tract No 30001, Recorded in Book 789 Pages 51 to 75, Inclusive, of Maps, in the Office of the County Recorder of Said County, as "Private Streets," and over All Those Areas Shown upon the Map of Tract No 24046, Recorded in Book 789 Pages 76 to 82, Inclusive, of Maps, in the Office of the County Recorder of Said County, as "Private Streets," Said Easement to Be Appurtenant to and for the Benefit of the Lot Described in Parcel 1.

    Except Therefrom Any Portion Which Falls Within the Lines of Parcel 1 above Described. Assessor's Parcel Number: 8713-037-016.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Robert Tringham, is hereby committed on Counts One through Ten of the Indictment to the custody of the Bureau of Prisons for a term of 156 months. This term consists of 156 months on each of

USA vs.  **TRINGHAM, Robert**                                          Docket No.:  **CR 09-00490-SJO**

Counts One through Seven and Nine of the Indictment, and 60 months on each of Counts Eight and Ten, all such terms to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years.  This term consists of three years on each of Counts One through Ten of the Indictment, all such terms to run concurrently under the following terms and conditions:

1.     The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02.

2.     The defendant shall not commit any violation of local, state or federal law or ordinance.

3.     The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4.     During the period of community supervision the defendant shall pay the special assessment, fine and restitution in accordance with this judgment's orders pertaining to such payment.

5.     The defendant shall cooperate in the collection of a DNA sample from the defendant.

6.     The defendant shall truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision.  Further, the defendant shall show proof to the Probation Officer of compliance with this order.

7.     The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving investment programs or any other business involving the solicitation of funds without the express approval of the Probation Officer prior to engagement in such employment.  Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

8.     The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at the United States Court House, 312 North Spring Street, Room 600, Los Angeles, California  90012.

9.     The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation.  In addition, the defendant shall apply all monies received from

lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The Court advises the defendant of his right to appeal.

The Court recommends that the defendant shall be immediately deported upon completion of his sentence.

The Court recommends that the defendant shall be incarcerated in Southern California.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| February 15, 2011 | S. James Otero |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk

| February 15, 2011 | By | Victor Paul Cruz |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. **TRINGHAM, Robert** | Docket No.: **CR 09-00490-SJO** |
|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

[x] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

| | | | |
|---|---|---|---|
| USA vs. | **TRINGHAM, Robert** | Docket No.: | **CR 09-00490-SJO** |

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                                              Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| | |
|---|---|
| USA vs. **TRINGHAM, Robert** | Docket No.: **CR 09-00490-SJO** |

| | |
|---|---|
| Filed Date | Deputy Clerk |

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
            Defendant                                                Date


_____    _____
U. S. Probation Officer/Designated Witness              Date

---

| | | |
|---|---|---|
| CR-104 (11/04) | **JUDGMENT & PROBATION/COMMITMENT ORDER** | Page 7 of 4 |